AO 245B (SCDC Rev.02/18) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

<u>Aaron Vennefron</u>

### JUDGMENT IN A CRIMINAL CASE

Case Number: 1:15-888-JMC (2)

USM Number: 30153-171

<u>James Todd Rutherford, Ret.</u>
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s) <u>15 of the Indictment</u> .

☐ pleaded nolo contendere to count(s) _____which was accepted by the court.

☐ was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Please see Indictment | 12/15/15 | 15 |

The defendant is sentenced as provided in pages 2 through <u>14</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.

■ Count(s) <u> 1, 2-14, 16 of the Indictment </u> ☐ is ■ are    dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

October 1, 2018
Date of Imposition of Judgment

*J. Michelle Childs*
Signature of Judge

J. Michelle Childs, United States District Judge
Name and Title of Judge

October 10, 2018
Date

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 2 - Imprisonment

P age 2

DEFENDANT: Aaron Vennefron
CASE NUMBER: 1:15-888-JMC

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of twelve (12) months and one (1) day.

■  The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be housed at a facility in Ohio.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

■  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

■ not before 2 p.m. on _1/7/19_.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: Aaron Vennefron
CASE NUMBER: 1:15-888-JMC

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ■   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐   You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with the following conditions:
1) Defendant is debarred from Government contracting work.
2) The defendant shall pay any remaining balance on his restitution in minimum monthly installments of $ 200.00 to commence 30 days upon his release from incarceration.
3)The defendant shall provide the U.S. Probation Office with access to all requested financial information to include income tax returns and bank statements.
4)   The defendant shall not open additional lines of credit without the approval of the U.S.
Probation Office.

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 3A- Supervised Release

P age 4

DEFENDANT: Aaron Vennefron
CASE NUMBER: 1:15-888-JMC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties                                          P age 5

DEFENDANT: Aaron Vennefron
CASE NUMBER: 1:15-888-JMC

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$** | | **$ 1,616,941.14** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Department of Energy | $ 1,616,941.14 | $ 1,616,941.14 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 1,616,941.14 | $1,616,941.14 | |

☐ Restitution amount ordered pursuant to plea agreement     **$**_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
      ■    The interest requirement is waived for the ☐ fine ■ restitution.
      ☐    The interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

1:15-cr-00888-JMC     Date Filed 10/10/18     Entry Number 161     Page 6 of 14

DEFENDANT: Aaron Vennefron
CASE NUMBER: 1:15-888-JMC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $1,617,041.14 due immediately, balance due

          ☐ not later than _____ , o r

          ■ in accordance with   ☐ C,   ■ D, or   ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____
        (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*)  after the date of this judgment; or

D    ■    Payment in equal  monthly  installments of $200.00, to commence 30 days after release from imprisonment to a term of
        supervision; or

E    ☐    Payment during the term of supervised release will commence within (*e.g., 30 or 60 days*) after release from imprisonment.
        The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ■    Special instructions regarding the payment of criminal monetary penalties: While incarcerated, the defendant is to pay not
        more than $25.00 every three (3) months from assets or income deposited into the defendant's inmate account. Monetary
        payments made are minimum payments only and do not preclude the government from seeking to enforce this judgment
        against other assets or income of the defendant not deposited in the inmate account. With the exception of the funds on
        deposit in the inmate account, the government may seek to enforce the full amount of any monetary penalty pursuant to 18
        U.S.C. §§ 3612, 3613, and 3664(m).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed 1/30/2018  and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 1:15-cr-888-JMC-2 |
| | ) | |
| v. | ) | |
| | ) | |
| AARON VENNEFRON | ) | |

PRELIMINARY ORDER OF FORFEITURE

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Aaron Vennefron ("Vennefron", "Defendant"), based upon the following:

1.     On December 15, 2015 an Indictment was filed charging Vennefron with the following:

Count 1:        Conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349;

Counts 8-14:    Wire fraud, in violation of 18 U.S.C. § 1343;

Count 15:       Conspiracy to commit theft of government funds, in violation of 18 U.S.C. §§ 641 and 371;

Count 16:       Theft of government funds, in violation of 18 U.S.C. § 641.

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Vennefron's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following:

1

    (1)    <u>Proceeds/Money Judgment</u>:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of approximately $4,403,948.28 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property involved in or traceable to their violations of 18 U.S.C. §§ 1349, 1343, 371, and 641, for which the Defendants are jointly and severally liable.

    (2)    <u>Art Work/Collection</u>:[1]

        (a)    Miscellaneous coins and currency
                Asset ID No.:  16-ENE-000002

    (3)    <u>U.S. Cash/Currency</u>:

        (a)    $2,101.00 in United States currency
                Asset ID No.:  16-ENE-000003

        (b)    $300.00 in United States currency
                Asset ID No.:  16-ENE-000004

        (c)    PNC Bank cashier's check No. 2043460 dated October 6, 2015
                in the amount of $610,791.00
                Asset ID No.:  16-ENE-000001

3.    On May 31, 2017, Vennefron, pled guilty pursuant to a written plea agreement to Count 15, conspiracy to commit theft of government funds. The written plea agreement provided the Defendant would forfeit his interest in the above-listed assets to the United States and agree to the entry of a forfeiture money judgment.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.    Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and

---

[1] Attachment A lists the specific assets the government is pursuing forfeiture of.

the offense for which Vennefron has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.  The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C)  and 28 U.S.C. 2461(c).

Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to the Defendant's violations of Title 18, United States Code, Sections 641 and 371 are subject to forfeiture.

6.    The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

7.    It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Vennefron as a result of his violations of Title 18, United States Code, Sections 641 and 371 and that such substitute assets shall not exceed the value of the proceeds Defendant Vennefron obtained of $4,403,948.28.

Accordingly, it is hereby **ORDERED,**

1.    The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Aaron Vennefron, in and to such property:

1.    Art Work/Collection:

(a)    Miscellaneous coins and currency
Asset ID No.:  16-ENE-000002

2.    U.S. Cash/Currency:

(a)    $2,101.00 in United States currency
Asset ID No.:  16-ENE-000003

      (b)    $300.00 in United States currency
              Asset ID No.:  16-ENE-000004

      (c)    PNC Bank cashier's check No. 2043460 dated October 6, 2015 in the amount of $610,791.00
              Asset ID No.:  16-ENE-000001

The forfeiture of the property is subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.      FORFEITURE IS ORDERED against Vennefron and in favor of the United States in the amount of $4,403,948.28, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961.  The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.      The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.      Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.    The United States shall publish notice of this Order and its intent to dispose of the forfeiture in such manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.    Upon entry of this Order, the United States is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8.    Any person, other than the named Defendant, asserting a legal interest in the forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9.    Any petition filed by a third party asserting an interest in the forfeiture shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the

expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_J. Michelle Childs_

_____
J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

January 30, 2018
Columbia, South Carolina

ATTACHMENT A

List of Seized Assets:

1.  (1) Canadian currency $50 coin, one ounce gold
2.  (2) One ounce fine gold 999.9 bars, Serial No. 015620 and 015615
3.  (2) One ounce fine gold $50.00 U.S. coins
4.  (1) South African 1 oz fine gold Krugerand coin, 1984 series
5.  (21) U.S. Currency One Dollar coins, Liberty series
6.  (1) U.S. Currency One Dollar coin, Series 1889
7.  (2) Two Dollar bills, United States Currency
8.  (61) Rolls of U.S pennies, 50 per roll with (1) Candadian penny
9.  (40) Roll U.S. Currency Quarter (40) Coins U.S. State series
10. (1) South African 1/2 Krugerand gold coin, 1980 series
11. (17) Two Dollar bills, United States Currency
12. (2) One Dollar U.S. Currency Series 1957 Silver Certificate
13. (2) Five Dollar bills, U.S. Currency, 1 Silver certificate and 1 regular
14. (1) Dos Pesos Oro Pagara Al Portador
15. (1) Fake Collectible $3.00 Bill Clinton currency
16. (1) Blue Book, Washington Quarter Collection with 28 quarters
17. (2) $100 U.S. currency bills, Series 1950
18. (41) U.S. Currency Half Dollar Coins
19. (1) Silver Dollar U.S Currency in plastic pouch Series 1987
20. (8) Small plastic box with (8) U.S. dime coins
21. (3) $2.00 Stamps, Columbian issue
22. (9) 1 Troy Ounce .999 Fine Silver Coins, Pan American series
23. (18) 1 Troy Ounce .999 Fine Silver Coins, Liberty series
24. (1) Canadian currency penny, Series 1946
25. (37) Two Dollar bills, United States Currency
26. (2) Five Dollar bills, United States Currency, Series 1963 and 1953
27. (2) 1 Troy Ounce .999 Fine Silver Coin, Superbowl 1989 Cincinnati Bengal series
28. (5) Republic of Columbia coins (1) .50 cent, (1).20 cent, and (3) .10 cent
29. (2) Cinco Peso Oro Pagara Al Portador
30. (1) Un Peso Oro Pagara Al Portador
31. (1) Canadian Currency One Dollar bill AFH0441471
32. (1) 1979 Black Book containing 7 Royal Canadian mint coins
33. (240) 1 Troy Ounce .999 Fine Silver Coins, misc series
34. (9) 1 Troy Ounce .999 Fine Silver Coins, Sunshine Minting Series
35. (11) U.S. Currency One Dollar Coins, 1 oz fine silver
36. (3) 5 Troy Ounce .999 Fine Silver Bars, Serial no. 341675, 605313, 607377
37. (6) 1 Troy Ounce .999 Fine Silver Bars, Alaska series
38. (2) 1 Troy Ounce .999 Fine Silver Bars, Golden State Mint series
39. (80) 1 Troy Ounce .999 Fine Silver Coins, misc series
40. (1) Chinese 100 Yuan gold currency coin Series 1988
41. (5) Buffalo Head nickels U.S.
42. (2) U.S. Currency One Dollar Coins, 1 oz fine silver, 1992 and 2002
43. (3) 1 Troy Ounce .999 Fine Silver Coins, OPM metals series
44. (20) 1 Troy Ounce .999 Fine Silver Coins, misc holiday series
45. (1) Penny run over by train
46. (100) 1 Troy Ounce .999 Fine Silver Coins, misc series
47. (10) One dollar, U.S. Currency, 1 Troy Ounce .999 Fine Silver Coins

48.     (80) 1 Troy Ounce .999 Fine Silver Coins, misc series
49.     (40) - (2) Plastic sheets containing (20) of 1 Troy Ounce .999 Silver bars
50.     (10) Plastic sheet containing (10) 1 Troy Ounce .999 Silver bars